HARRY DODDS, Respondent, *v.* MARY ELIZABETH McCOLGAN, as Executrix under the Last Will and Testament of ELIZABETH McCOLGAN, Deceased, Appellant.

Supreme Court, Appellate Term, First Department, June 29, 1925.

**Principal and agent — actions for work, labor and services and on promissory notes — bills and notes — general power to manage property on which work was done does not include authority to bind owner on promissory notes — Statute of Limitations — promissory notes executed six years before the beginning of plaintiff's actions will not operate as acknowledgment in writing sufficient to take original debt out of Statute of Limitations — judgment recovered by plaintiff against defendant in representative capacity is not res adjudicata to action against same defendant in individual capacity.**

Plaintiff is not entitled to judgment in an action for work, labor and services predicated on the repair of certain houses belonging to defendant's testator, and on promissory notes given by said testator's son, as agent for the estate as to the management thereof, since the general power to manage said property did not include the authority to bind the owner thereof on negotiable commercial paper. The notes will not operate as an acknowledgment in writing to take the original debt out of the Statute of Limitations since they were executed more than six years before the beginning of these actions. Nor is a previous judgment, recovered by the plaintiff in the same cause of action against the same defendant in a representative capacity as administratrix, *res adjudicata* to this action which is against the same defendant as an individual.

APPEALS by defendant from nine judgments rendered in the Municipal Court, Borough of Manhattan, First District, in favor of plaintiff, after a trial by a judge and jury.

*Durand, Bowen & Byrne* [*Harry F. Byrne* of counsel], for the appellant.

*Herman Goldman* [*Max A. Geller* and *Benjamin Wiener* of counsel], for the respondent.

PER CURIAM:

Plaintiff sued defendant's testator as an individual for work, labor and services as a mechanic in the repair of certain houses

belonging to her under the terms of the will of her deceased husband, and on promissory notes.

From the testimony of the wife, taken before her death, it is not clear whether the property was still held by her as executrix of her husband's will or as devisee. Although it seems to be conceded that these services were proper obligations of Mrs. McColgan individually, a former action was begun against her as executrix. This judgment was entered in the Supreme Court upon default, and subsequently defendant moved to vacate the judgment, but the motion was denied and the denial affirmed on appeal. It appears that the work was done on the orders of Mrs. McColgan's son who had complete charge of the property. At a certain stage of the transactions the son undertook to give notes signed by him as agent for the estate of John McColgan and the prior action was brought on these notes or renewals thereof. The present actions are based not only on work, labor and services but upon the notes given therefor.

Plaintiff's contentions on this appeal are in substance, *first,* that the practically unlimited power accorded to the son in the management of defendant's property included the power to make the notes sued upon. We do not believe that general power to manage property includes the authority to bind the owner to negotiable commercial paper. *Second,* that the plaintiff had proved a cause of action for work, labor and services, and that if the notes sued upon are not effective as commercial paper, they nevertheless constitute an acknowledgment in writing sufficient to take the original debt out of the Statute of Limitations. This plea is unavailing in view of the fact that the notes themselves were executed more than six years before the beginning of these actions. *Third,* that a previous judgment recovered by the plaintiff on the same cause of action against the defendant as administratrix has the effect of *res adjudicata.* In support of this contention plaintiff cites a number of cases which are persuasive and support his view to an arguable degree. We do not believe, however, that decisions to the effect that under such and similar circumstances the provisions of the appropriate Practice Act (Code Civ. Proc. § 830; now Civil Practice Act, § 348) which permit the reading of the testimony of a deceased witness " upon any subsequent trial * * * of the same subject-matter in the same or another action * * * between the same parties " (*Cohen* v. *Long Island R. R. Co.,* 154 App. Div. 603; *Pratt, Hurst & Co., Ltd.,* v. *Tailer,* 135 id. 1), or which affirm the right to permit an amendment to correct the name of a defendant from a representative into an individual capacity without according to

the latter the rights of a " new " party (*Boyd* v. *U. S. Mtg. & Trust Co.*, 187 N. Y. 262) are intended to do more than liberalize practice in these respects, but that they do not go to the extent of warranting the inference that a judgment against a person in a representative capacity is a conclusive adjudication of his obligations as an individual.

Judgments reversed, with thirty dollars costs, and complaints dismissed, with costs as of one appeal, with leave to plaintiff to appeal to the Appellate Division.

All concur; present, BIJUR, LEVY and MCGOLDRICK, JJ.