————————— SITOMER, Plaintiff, *v.* BECKIE KIMBOROFSKY and Others, Defendants.*

City Court of New York, New York County, September 2, 1931.

* See *contra, Goodman* v. *Goodman* (143 Misc. 136).

Miller, Fieldman & Paul [S. Frederick Placer of counsel], for the motion.

Probst & Probst [David E. Kurke of counsel], opposed.

NOONAN, J. This is a motion made by the defendant Beckie Kimborofsky for judgment on the pleadings pursuant to rule 112 of the Rules of Civil Practice. The complaint alleges that between May 1, 1922, and September 20, 1922, the plaintiff sold and delivered to the defendants certain merchandise. The answer, in addition to a general denial, pleads as a separate defense the six-year Statute of Limitations. The reply to this separate defense alleges that, since the cause of action arose and in and about the month of November, 1922, and the month of March, 1923, the defendant Beckie Kimborofsky promised and agreed in writing to pay the indebtedness set forth in the complaint. The bill of particulars of this reply states that the separate writings relied upon to take the case out of the statute were promissory notes executed by the defendant and the other defendants jointly. The plaintiff further states in his bill of particulars that he is unable to set forth a true and exact copy of the writings executed by the defendant, for the reason that he does not know the whereabouts of the writings, and is unable to locate the same after due and diligent search. Section 59 of the Civil Practice Act states that "an acknowledgment or promise contained in a writing signed by the party to be charged thereby is the *only competent evidence* of a new or continuing contract whereby to take a case out of the operation of the provisions of this article relating to the limitations of time within which an action must be brought other than for the recovery of real property." (Italics mine.) It clearly appears from the pleadings and bill of particulars of the reply that the plaintiff will be unable to produce the writings which, as the statute says, are the only competent evidence of the new or continuing contract whereby the case is taken out of the statute. To allow the plaintiff to prove the writings by oral evidence to the effect that they were lost would, in my judgment, circumvent the purpose of the statute. Unless the writings can be

produced, the plaintiff cannot establish a new contract. Furthermore, the plaintiff in his bill of particulars alleges that he is unable to state the exact dates of the execution of the writings. To avoid the plea of Statute of Limitations, Civil Practice Act, section 48, the writings must have been made within six years next preceding the commencement of the cause of action. (*Dodds* v. *McColgan*, 125 Misc. 405.) The plaintiff is obliged to show conclusively, not alone the actual existence of the writings, but the time of their execution. For the reasons stated, the defendant's motion for judgment on the pleadings must be granted, and since it appears that the plaintiff by an amended reply cannot overcome the statute, the right to plead over would be unavailing.

The motion is granted on the merits.