### ROSS *v.* FISHER.

1. LIMITATION OF ACTIONS—ASSAULT AND BATTERY—FRAUDULENT CONCEALMENT.

    Judgment for defendants in civil action for assault and battery against 2 police officers, commenced more than 2 years after the alleged assault occurred is affirmed, notwithstanding plaintiff claimed defendants fraudulently concealed their identity from him, the trial judge holding amendment relative to identity of parties in concealment statute not retroactive (CL 1948, § 609.20, as amended by PA 1954, No 49).

2. COSTS—CONSTRUCTION OF STATUTES.

    No costs are allowed in action in which a construction of an amendment of the statute of limitations is involved (CL 1948, § 609.20, as amended by PA 1954, No 49).

EDWARDS, J., dissenting.

Appeal from Wayne; Jayne (Ira W.), J. Submitted October 17, 1957. (Docket No. 67, Calendar No. 47,462.) Decided June 11, 1958.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 34 Am Jur, Limitation of Actions § 216 *et seq.*

Case by Ervin Ross, Jr., against Michael Fisher and Robert Kinzel, police officers, for damages arising from assault and battery allegedly committed in connection with arrest and incarceration. Cause dismissed on motion. Plaintiff appeals. Affirmed.

*Meyer W. Leib,* for plaintiff.

*Paul T. Dwyer,* Detroit Corporation Counsel, *Nathaniel H. Goldstick* and *Lawrence E. Eaton,* Assistants Corporation Counsel, for defendants.

Voelker, J. This is a civil action for assault and battery against 2 police officers commenced more than 2 years after the alleged assault occurred. Defendants moved below to dismiss on the ground that the action was barred by the 2-year statute of limitations. Plaintiff countered that the statute is no bar because the defendants fraudulently concealed their identity from him, thus, under a 1954 amendment hereinafter set forth, tolling the statute. The trial court was unimpressed by plaintiff's argument and granted the defense motion to dismiss on the ground that the amendment was not retroactive, on the authority of the *Vega Case,* hereafter cited. Plaintiff has appealed.

Prior to 1954 the applicable statute (CL 1948, § 609.20 [Stat Ann § 27.612]) read as follows:

"If any person who is liable to any of the actions mentioned in this chapter, shall fraudulently conceal the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within 2 years after the person who is entitled to bring the same shall discover that he had such cause of action, although such action would be otherwise barred by the provisions of this chapter."

By PA 1954, No 49 that section of the statute was amended (CLS 1956, § 609.20 [Stat Ann 1957 Cum

Supp § 27.612]) as follows, the new material for convenience being set off by brackets:

"If any person, who is liable to any of the actions mentioned in this chapter, shall fraudulently conceal the cause of such action [, or conceal the identity of any party thereto,] from the knowledge of the person entitled thereto, the action may be commenced at any time within 2 years after the person who is entitled to bring the same shall discover that he had such cause of action, although such action would be otherwise barred by the provisions of this chapter."

The above amendment became effective after the alleged assault but before the 2 years had expired, and the appellant urges that it served to extend the time for filing his suit because of the concealment of identity of the parties defendant alleged by him. Defendants counter that the alleged fraudulent concealment by them was not timely or adequately alleged; that the plaintiff failed to exercise reasonable diligence to ascertain their identity; that any concealment present was practiced by others, not by them; that all they ever did was consistently to deny their guilt of the assault; that mere denial or silence or inaction is never fraudulent concealment; and that in any case the amended statute was not retroactive. Plaintiff makes answer to each of these points and many are the authorities cited and quoted by both sides to sustain these and other knotty propositions urged by them. In view of what follows we have baldly stated only the highlights of the various claims.

Defendants cite the *Vega Case* (*Vega* v. *Briggs Manfg. Co.,* 341 Mich 218) as holding that the amendment was not retroactive, and indeed that is what it seems plainly to say and hold (p 222). Plaintiff counters that *Vega* is inapplicable and in any case is bad law and that a *cause* of action to be practically

effective must always be held to embrace the identity of the parties defendant, citing the dissent of Mr. Justice Adams to this effect in *International Union United Automobile Workers of America, A.F.L.*, v. *Wood*, 337 Mich 8 at p 16.

We observe that neither the *Vega Case* nor the parties to this case raise or discuss the possibility that the cited 1954 amendment may have failed to accomplish the changes that it rather manifestly sought to accomplish. The briefs before us assume that the amendment accomplished the changes assumed in *Vega.* We cannot agree with this assumption; we think the amended statute is defective in that it fails to accomplish what the legislature rather plainly tried to accomplish. We further think that such failure must be controlling on this litigation regardless of the other points and issues raised and discussed by the parties.

While we do not normally decide our cases on grounds not urged by the parties, litigants may not by stipulation, admission or concession impose a construction of a statute upon our courts that is not warranted by the statute itself. (See, generally, *People, ex rel. Hart,* v. *McElroy,* 72 Mich 446 [2 LRA 609]; *Rousseau* v. *Brotherhood of American Yeomen,* 177 Mich 568, 573.)

If we examine the quoted 1954 amendment we find that in the forepart it now purports to postulate 2 concealment situations instead of 1. To the original fraudulent concealment of "the cause of such action" it has now added a further concealment situation (we note, without further comment, that this new concealment is not by express terms required to be fraudulent), that is, the concealment of "the identity of any party thereto." All right, so far so good. But what happens then? What does the amendment then go on to say about the legal *effect* of one or the other of such concealments, namely, concealment of

the cause of such action or the concealment of the identity of any party thereto? The answer is that it *still* (as formerly) merely proceeds to provide that "the action may be commenced at any time within 2 years after the person who is entitled to bring the same shall discover that he had such *cause of action.* (Italics added.)"

The situation before us then is not so much an ambiguity in the words used in the amendment as the complete omission of an essential "pay-off" clause from an essential place in the amended statute. The legislative omission here is so large and so glaring that it goes beyond any permissible doctrine of reconciling ambiguities or of construing words susceptible of a double meaning or of merely substituting one word for another to achieve a sensible result and avoid absurdity, or by the use of similar interpretive crutches so often leaned on by our courts. This is one of those wry cases where the very obviousness of the change the legislature sought to bring about only makes it the harder for us to ignore its equally obvious failure to use the right words in the right place to effectuate its plain intent. What happened here was negative. The legislature failed to *legislate* what it meant. If the result still be absurd we can only say that absurdity is sometimes relative, and perhaps it might be even more absurd for us to sit here and solemnly declare that we behold in this statute what is not there to be seen, much like the worshipful populace admiring the naked emperor's new clothes in the old fairy tale.

It is all too plain what the legislature attempted to do. It tried to add a new concealment situation to the old where the statute of limitations might be tolled. But it mechanically failed to do so. It made a mistake, an error in draftsmanship—in plain American idiom, someone pulled a boner. For us to supply the fatally missing words would not be per-

missible judicial construction but judicial legislation of the boldest kind. However desirable the change might be (which we need not decide), it is still one for the legislature to make by using appropriate language where it is needed. It lies without our province to do so for it.

Applying the foregoing to our case we can only conclude that the trial court reached a right result in dismissing the case, however wrong its reasons. Certainly the assaulted plaintiff knew he had a *cause* of action when he was beat up. The statute still unequivocably provides that he must commence his action within 2 years of that time. He failed to do so and any discussion of the *Vega Case* and retroactive effect or other issues would be fruitless in the face of that failure.

Courts are resourceful, but they cannot undertake to make a legislature say what it has not said, and when a statute is as defective as this one we are afraid the remodelling job must be done in the legislature, which possesses both the proper tools and the authority to use them. Moreover we think a statutory change as important as this one should be readily found by our citizens by consulting the statute itself, not by having to thumb through dusty law reports to discover their rights.

We are aware that it may be argued that even if the legislature failed to put the proper words in the proper place in the amendment that, despite this, what it did do constituted a sufficient legislative expression of intent that henceforth the cause of action and identity of parties should be construed as one. But unfortunately it didn't say so. If we may be forgiven the figure, it courted and wooed the idea warmly, but at the last moment failed to marry it. It is not for us to presume to advise that august body on legal draftsmanship, but if that's what it meant to say and do it could, among other things, have left

the original version intact and simply added at the end: Fraudulent concealment of the cause of such action shall be deemed to include concealment of the identity of any party thereto—or similar words to that effect. It failed to do so and we cannot do the job ourselves.

There is one final comment. While our decision is to leave the statute practically the same as it was prior to the 1954 amendment, one thing must be pointed out. We are also not unaware that prior to the 1954 amendment an argument of some merit could have been made that the cause of action must in every case embrace the identity of the party defendant to be practically effective. This is the burden of that portion of Mr. Justice Adams' dissent in the *Wood Case* cited above. The irony of the failure of the 1954 amendment is therefore double: while the legislature failed to accomplish its main and avowed purpose, the amendment at least constitutes a rather plain legislative declaration that to its mind, at least, the cause of action and identity of parties are 2 different things. In other words, the legislature not only failed to liberalize the situations where the statute might be tolled, but actually made it tougher for the tardy plaintiff now to maintain successfully that concealment of the identity of the offending parties is tantamount to fraudulent concealment of the cause. The legislature has now rather plainly told him it thinks otherwise. At least it has successfully discouraged this writer from attempting to write to the contrary.

Affirmed, without costs, the construction of a statute being involved.

Smith and Black, JJ., concurred with Voelker, J.

Dethmers, C. J., and Carr and Kelly, JJ., concurred in the result.

EDWARDS, J. *(dissenting).* A Michigan statute grants an exception from the statute of limitations where a cause of action is fraudulently concealed. (CLS 1956, § 609.20 [Stat Ann 1957 Cum Supp § 27.612].) The question posed by this case is whether or not the term "cause of action" in this statute should be construed to include the identity of the defendants where such is alleged to have been concealed by their affirmative acts.

The writer feels that this Court's first answer to this question in *International Union United Automobile Workers of America, A.F.L.,* v. *Wood,* 337 Mich 8, was in error for the reasons set forth by Mr. Justice ADAMS in his dissenting opinion therein. Justice ADAMS wrote (pp 15, 16):

"The term 'cause of action' means more than a known injury or a violation of a right. It must also include the identity of the person who is responsible for the injury or the violation. Damage or injury cannot constitute a cause of action except as it results from the wrongful or illegal act of another. A cause of action would be an utterly useless thing if there were no party against whom a remedy could be sought. * * *

"A party defendant being an essential component of a cause of action, it follows that the concealment of the existence or identity of such person is a concealment of the cause of action itself."

The statute, as the Court was then construing it, made no specific reference to the concealment of the identity of any party.

Writing before the decision in the *Wood Case,* and commenting on the admittedly difficult problem posed by this type of statute, Dawson said:

"The point at which legitimate tactics of obstruction become 'fraudulent concealment' is of course very difficult to define. For example, where the existence of a cause of action is known to the plaintiff,

but the identity of the person liable is deliberately concealed, it is possible to argue that the *'cause'* of action is not concealed within the meaning of that exception. The assumptions behind this purely conceptual approach are by no means absurd. And when the question appears as a problem in the limitation of actions, it can certainly be said that discovery of the injury creates a 'duty' to discover who inflicted the injury. But fortunately only one court has yet decided that the identity of the wrongdoer is not an element of a cause of action for the purpose of the 'fraudulent concealment' exception. And there is abundant authority for the proposition that direct misrepresentation or other active steps to conceal the identity of the wrongdoer do justify delay and suspend the statute." Dawson, Fraudulent Concealment and Statutes of Limitation, 31 Mich L Rev (May, 1933), pp 873, 913, 914.

See, also, *Brookshire* v. *Burkhart,* 141 Okla 1 (283 P 571, 67 ALR 1059) ; *Kurry* v. *Frost,* 204 Ark 386 (162 SW2d 48) ; *Noel* v. *Teffeau,* 116 NJ Eq 446 (174 A 145) ; *Lightfoot* v. *Davis,* 198 NY 261 (91 NE 582, 29 LRA NS 119, 139 Am St Rep 817) ; *Dodds* v. *Mc-Colgan,* 229 App Div 273 (241 NYS 584) ; *Texas & Pacific R. Co.* v. *Gay,* 88 Tex 111 (30 SW 543).

Immediately after this Court's adoption of the disputed rule in the *Wood Case,* the next session of the legislature adopted an amendment to the fraudulent concealment statute.

By PA 1954, No 49, the words "or conceal the identity of any party thereto" were added following the term "cause of such action" in the first sentence of the statute. I agree with Mr. Justice VOELKER that the draftsmanship of this amendment left much to be desired. But a plainer statement of legislative intent, it would be difficult to find.

The writer views the 1954 amendment as a legislative declaration that this Court in the *Wood Case, supra,* misinterpreted the meaning and purpose of

its enactment. This Court should adopt Justice ADAMS' construction of this statute, thereby overruling its interpretation of this statute in *Wood, supra,* and *Vega* v. *Briggs Manfg. Co.,* 341 Mich 218. The instant cause of action should be reversed and remanded for trial in accordance with this opinion.

KAVANAGH, J., took no part in the decision of this case.