ANGELO J. DE VITO, Respondent, *v.* NEW YORK CENTRAL SYSTEM, Appellant.

First Department, April 1, 1965.

*Jerome H. Shapiro* of counsel (*Gerald E. Dwyer,* attorney), for appellant.

*Daniel E. Nastro* of counsel (*Anthony J. De Vito,* attorney), for respondent.

McNALLY, J. In this action to recover damages for common-law fraud, Special Term properly held on a motion addressed to the complaint alone that the time limited for the commencement of the action is to be computed from the time plaintiff discovered or could with reasonable diligence have discovered the fraud. (CPLR 206, subd. [c].)

The complaint alleges defendant represented it did not own or maintain the site of the occurrence; that the representation was false and made with the intent to induce the plaintiff not to institute a suit in negligence against the defendant within the time limited therefor and that the representation was relied on to the plaintiff's detriment. (*Nasaba Corp.* v. *Harfred Realty Corp.,* 287 N. Y. 290.) We are not at this time concerned with the substantive merits of plaintiff's cause of action. Nor may we at this time decide when plaintiff discovered the fraud, a mixed question of law and fact. (*Erbe* v. *Lincoln Rochester Trust Co.,* 3 N Y 2d 321, 326.)

A Statute of Limitations is responsive to society's interest in repose. Except in the case of fraud, time limitations commence with the accrual of the cause of action, regardless of knowledge of its existence. (*Schwartz* v. *Heyden Newport Chem. Corp.,* 12 N Y 2d 212, 218.) One against whom a claim exists is not under a duty to inform the claimant thereof, and the failure to so inform does not constitute fraud within the meaning of CPLR 206 (subd. [c]). (*Engel* v. *Fischer,* 102 N. Y. 400, 404; *Guild* v.

*Hopkins,* 271 App. Div. 234, 245.) The absence of an obligation to inform the claimant does not, however, enable a tort-feasor fraudulently to disclaim ownership of or the obligation to maintain the site of an occurrence in order to induce the claimant not to prosecute his claim within the time limited therefor.

This case is not governed by the principle of *Brick* v. *Cohn-Hall-Marx Co.* (276 N. Y. 259) and *Carr* v. *Thompson* (87 N. Y. 160). In the cited cases the plaintiffs relied on defendants' contractual duty to fully and honestly account. The fact that the duty to account was intentionally and fraudulently infringed did not alter defendants' basic obligation nor enlarge plaintiffs' contractual rights. The allegations of fraud were addressed solely to the anticipated defense of the Statute of Limitations. The action in each case was not grounded on fraud.

Here, the defendant was under no obligation or duty to inform the plaintiff as to the ownership or maintenance of the site of the alleged occurrence. Defendant's extraneous fraud, assuming the allegations of the complaint, requires the computation of the applicable time limitation to be made from the discovery of the fraud. The instant type of case was hypothesized in *Brick* v. *Cohn-Hall-Marx Co.* (*supra,* p. 264): "If there were fraud extraneous to the contract, lulling the plaintiffs into the belief that the money had been paid or would be paid, a different situation might arise. The plaintiffs in such a case would have a cause of action for the damages caused by the fraud in inducing them to let the Statute of Limitations arise. For instance, if before the statute expired the defendant had assured the plaintiffs that it had already sent a check or had paid, and the plaintiffs, relying upon such assurance, let the time elapse in which suit could be brought, we would then have an instance of extraneous fraud not in any way growing out of the contract."

The complaint adequately identifies "'the transaction and indicate[s] the theory of recovery with sufficient precision to enable the court to control the case and the opponent to prepare.'" (*Foley* v. *D'Agostino,* 21 A D 2d 60, 63.) If it were necessary to look to the ultimate fraudulent motive, and that is not necessary, then implicit in the plaintiff's allegation of defendant's "intent to deceive and defraud the plaintiff * * * not [to] institute suit against the said defendant" is the allegation of defendant's intent to take advantage of the Statute of Limitations. In *Brick* v. *Cohn-Hall-Marx Co.* (*supra,* p. 264), the court did not find it necessary to hypothesize a specific intent on the part of a defendant to take advantage of the Statute of Limitations; it is enough if it appears the time lapse induced carried with it the operation of the statute.

Where the alleged fraud is not a breach of any contractual obligation and is independent of and extraneous thereto, it brings into play the discovery provision of CPLR 206 (subd. [c]). (*Gardner* v. *Gerstein*, 7 A D 2d 631, affd. 6 N Y 2d 956.) It should make no difference that in this case the time-barred cause of action sounds in tort rather than in contract. The principle in either case is the same, viz., that the Statute of Limitations for fraud applies whenever the act of fraud is extrinsic to, and different from, the barred cause of action. Here, likewise, the alleged fraud is extraneous to the defendant's claimed negligence as to the occurrence of February 15, 1960, the date from which the defendant would compute the applicable Statute of Limitations. (Cf. *Alexander* v. *Anderson*, 48 N. Y. S. 2d 102, affd. 267 App. Div. 984.)

In sum, the gravamen of the action is not the negligence of the defendant but the fraud which effectually prevented the plaintiff from bringing an action based on that negligence. In order to recover plaintiff will have to establish not only the fraud but also that he would have recovered for his injuries had he not been prevented from suing. The cause of action is for the fraud and, the amount that plaintiff would have been able to recover for his injuries being merely the measure of the damage suffered on account of the fraud, the Statute of Limitations starts to run from the date of the discovery of the fraud. (CPLR 206, subd. [c].)

The order should be affirmed, with costs and disbursements to plaintiff-respondent.

EAGER, J. (dissenting). From early times it has been the law of this State, based in sound policy, that, except as provided by statute in cases originally grounded in fraud, it was no answer to a plea of the Statute of Limitations that a "cause of action was fraudulently concealed by the defendant until after the statute had attached, and that the suit was brought within the time limited by the statute after the discovery of the right to sue." (*Andreae* v. *Redfield*, 98 U. S. 225, 237, applying New York law, and citing *Allen* v. *Mille*, 17 Wend. 204 and *Leonard* v. *Pitney*, 5 Wend. 30.) "It is a benign statute, and the legislature has written in it all the exceptions which sound policy dictated to it. It may frequently operate to defeat just claims and be used by dishonest debtors to escape the payment of honest debts. A cause of action may be barred before it is known to the claimant. The debtor may purposely conceal it, and yet the bar of the statute must inexorably be applied." (*Engel* v. *Fischer*, 102 N. Y. 400, 404.) "Considering the

function of a Statute of Limitations as a device for repose, a potential defendant's equities are the same whether the plaintiff knows of his condition or not [or, I would add, the existence of his cause of action]. Repose is as beneficial to society in the one case as in the other. While the plaintiff's equities are greater in one case, it was presumably pursuant to a determination that the interests of an occasional claimant were subordinate to society's interest in repose that resulted in the Statute of Limitations in the first place." (*Schwartz* v. *Heyden Chem. Corp.*, 12 N Y 2d 212, 218.)

The statute expressly provides that " [t]he time within which an action must be commenced  *  *  *  shall be computed from the time the cause of action accrued " (CPLR 203). It is further mandated that " [n]o court shall extend the time limited by law for the commencement of the action " (CPLR 201). As this court said in *Guild* v. *Hopkins* (271 App. Div. 234, 244), it is immaterial that a plaintiff " may not have discovered the wrongs complained of until long after they were committed  *  *  *. (*Brick* v. *Cohn-Hall-Marx Co.*, 276 N. Y. 259; *Wood* v. *Young*, 141 N. Y. 211, 217; *Wakulaw* v. *State Bank*, 214 App. Div. 673, 677.) ' Except in cases of fraud where the statute expressly provides otherwise the statutory period of limitations begins to run from the time when liability for wrong has arisen even though the injured party may be ignorant of the existence of the wrong or injury.' (*Schmidt* v. *Merchants Desp. Trans. Co.*, 270 N. Y. 287, 300.) "

The strict application of the statute may result in unfairness in a given case. " But this is the same kind of ' unfairness ' that may result from almost any Statute of Limitations. Indeed it results from the fundamental New York theory of limitations as expressed in article 2 of the Civil Practice Act (now article 2 of the Civil Practice Law and Rules) which makes all limitations except a particular specified one run from breach and not from discovery." (*Citizens Utilities* v. *American Locomotive*, 11 N Y 2d 409, 417.) There is an exception provided by statute in cases where the gravamen of the action is grounded in fraud — that " the time within which the action must be commenced shall be computed from the time the plaintiff  *  *  *  discovered the fraud." (CPLR 206, subd. [c].) " The existence of a discovery provision in the fraud statute bespeaks a legislative judgment that only in fraud cases, by their very nature, were there a sufficient number of unknown wrongs to justify a departure from the general rule. Apparently the rarity of such unfortunate cases in other types of actions [where wrongs were unknown] did not outweigh the disadvantages of imposing a

possible exception to the grant of repose to every person and industry who could be a potential defendant''. (*Schwartz* v. *Heyden Chem. Corp., supra,* p. 218.)

The gravamen of the action here is not fraud but the alleged original wrong, namely, the alleged negligence of the defendant resulting in plaintiff's personal injuries sustained on February 15, 1960. The plaintiff does further allege that the defendant on May 10, 1960, fraudulently misrepresented that it did not own or in any way control the roadway, the defects in which were alleged to be responsible for plaintiff's injuries and that the City of New York owned and controlled the roadway; and that such misrepresentations were made with the "intent to deceive and defraud the plaintiff, knowing that the plaintiff would rely on same and not institute suit against the said defendant * * * and that if the plaintiff knew that the representations were false he would have commenced action initially against the defendant and by virtue of relying upon said representations the statute of limitations for maintaining a negligence action against the defendant herein has run.''

It appears that the alleged misrepresentations were made by the defendant with the intent of avoiding liability altogether. The plaintiff does not expressly allege that the representations were made with the intent on the part of defendant to take advantage of the Statute of Limitations which still had over two and one-half years to run. The omission of such an allegation was undoubtedly intentional, and, under the reasoning of the majority opinion, the omission is fatal to any cause of action. Furthermore, the plaintiff, in relying on the particular representations, would do so in the belief that he had no cause of action against the defendant; and this was the reason why he did not timely sue the defendant.

In any event, the alleged fraudulent concealment by a defendant of the existence of a cause of action grounded in negligence does not furnish the basis for a new and separate cause of action; nor does it revive the original alleged wrong, aggravate it or in itself cause damage. Fraudulent concealment of a cause of action, insofar as it bears upon the operation of the Statute of Limitations, would not create new substantive rights. A Statute of Limitations relates only to the remedy. (See *White* v. *City of Brooklyn,* 122 N. Y. 53, 60; *Schenck* v. *State Line Tel. Co.,* 207 App. Div. 454, 457.) If we give the alleged fraud the effect claimed by the plaintiff, the result is only to remove the bar against the remedy — to continue, beyond the statutory period, the right to maintain an action to recover for plaintiff's personal injuries claimed to have been sustained through the

negligence of the defendant. The plaintiff will not thereby acquire a new cause of action but merely a continuance of the right to sue upon the cause grounded in negligence.

Here, " [t]he only purpose which serves the plaintiffs in pleading the fraud is to avoid the Statute of Limitations ". (*Brick* v. *Cohn-Hall-Marx Co., supra,* p. 264.) " [T]he proof of fraud becomes only necessary as the fit answer to a possible defense ". (*Carr* v. *Thompson,* 87 N. Y. 160, 165.) " The subsequent concealment of such negligent act, may have aggravated the original wrong but simply as a circumstance in the chain of events leading from the original carelessness, presumably adding to the damages which resulted therefrom. The concealment alleged is not the wrong which must be made the gravamen of an ' action to procure a judgment on the ground of fraud ' within Civil Practice Act, section 48 [now CPLR 206, subd. (c)]. *Glover* v. *National Bank of Commerce,* 156 App. Div. 247, 256." (*Tulloch* v. *Haselo,* 218 App. Div. 313, 316–317.)

The personal injuries sustained by plaintiff resulted solely from the alleged negligence of the defendant, and this is not a case where " there would be no injury except for the fraud ". (See *Glover* v. *National Bank of Commerce, supra,* p. 256.) If the plaintiff recovers for his personal injuries in this action, it will be because of defendant's alleged negligence and not because of its alleged fraud.

There are occasions when fraudulent conduct on the part of a defendant may furnish a basis for estopping him from interposing the Statute of Limitations as a defense. (See *Erbe* v. *Lincoln Rochester Trust,* 13 A D 2d 211.) But this is not the theory of plaintiff's pleading and, in any event, the plaintiff's allegations are not sufficient to justify the application of the doctrine of equitable estoppel. The parties did not stand in any fiduciary relationship, and the defendant had the perfect right to disclaim liability on the ground of lack of responsibility for the conditions alleged to have caused plaintiff's injuries. The plaintiff had more than ample time to ascertain the true facts, and, if he elected to rely upon defendant's disclaimer of liability, he has only himself to blame. (Cf. *Augstein* v. *Levey,* 3 A D 2d 595, affd. 4 N Y 2d 791.)

I would reverse and grant the motion to dismiss the complaint.

BREITEL, J. P., and VALENTE, J., concur with McNALLY, J.; EAGER, J., dissents in opinion in which STEVENS, J., concurs.

Order, entered on November 24, 1964, affirmed, with $30 costs and disbursements to respondent.