Leon D. Lazer, J.
Petitioner, a retired employee of the State Department of Transportation, has instituted this article 78 proceeding for an order reversing and modifying the decision of the respondent Grievance Appeals Board (hereinafter referred to as the “Board”) which, on October 30, 1972, denied as untimely his application for cash payment for overtime credits accumulated during his employment.
The controversy is one of long standing. In August of 1957, at a time when he had accumulated 1,014 hours of overtime credit, the petitioner was informed that in accordance with new attendance rules he would be unable to carry more than 240 hours of overtime credits on his leave records after January 1, 1958, On September 5, 1957, he wrote to his superior officer requesting permission “to take the next three months and seven days off” to liquidate his 774 hours of excess overtime. Not until November 22, 1957, did his superior respond, granting him permission to 11 take off short periods of time at spaced intervals, provided it does not interfere with the normal operation of your section.” Since 774 hours amounts to approximately three months and seven days, it was impossible to liquidate the accumulated overtime in the few weeks then remaining in the year 1957.
*830 Petitioner alleges that from then until June 14, 1971, he “ informally ” complained to his superior, but was rejected ‘1 in each instance ’ \ The record of the hearing conducted by respondent Board shows that in 1964, petitioner made an ‘ ‘ oral representation” or u grievance ” to his superior concerning the matter and was informed by him that liquidation of his excess overtime was impossible because his rights had been lost “ back in 1958”. Another written request for liquidation was made by petitioner on October 30, 1970. On June 14, 1971, petitioner commenced a formal grievance procedure under the existing Executive Order No. 42 (9 NYCRR 1.42), and retired three days later.
Although earlier grievance rules provided no express time limits for the filing of grievances, Executive Order No. 42, which became effective on October 14, 1970, required such a filing within 45 days after the act which gave rise to it. It provided for a four-step procedure. Petitioner proceeded through each step but it was not until the final one that the respondent Board raised the issue of timeliness. The adverse determinations at the lower steps were predicated on the purported lack of power in 1958 to extend petitioner’s time for liquidation. At step four the Board denied the appeal as untimely because the grievance was filed on June 14, 1971, eight months after the effective date of Executive Order No. 42 which limited such time to 45 days, and on the further ground that the 14-year delay was “ too long ”.
It is petitioner’s contention that the failure to raise the issue of timeliness until step four estops the respondents from asserting it now, and that failure plus two documents, dated May 25 and June 2, 1971, by which the District Engineer and the Office of Legal Affairs recommended that he file a grievance, waive the time bar.
OPLR 217 limits the time within which a proceeding may be commenced against a body or officer to four months after the determination to be reviewed becomes a final or binding, or within four months after refusal of a demand to perform a duty enjoined by law. The latter limitation on the right to bring on a mandamus proceeding becomes a bar when a petitioner unreasonably delayed to make a demand so as to postpone indefinitely the time within which to institute such a proceeding (Matter of Central School Dist. No. 2 of Towns of Coeymans, New Scotland and Bethlehem v. New York State Teachers’ Retirement System, 27 A D 2d 265). Mandamus requires action without delay — “ an alert attention to an *831 asserted claim ” (Thoma v. City of New York, 263 N. Y. 402, 407). That attention compels demand within a reasonable time after the right to make it occurs (Austin v. Board of Higher Educ. of City of N. Y., 5 N Y 2d 430). If a petitioner has been misled by a respondent’s conduct, the demand must be made within a reasonable time after he becomes aware of the facts which give rise to his right of relief (Matter of Devens v. Gokey, 12 A D 2d 135, affd. 10 N Y 2d 898). Any other interpretation would place the power of indefinite suspension of time limitations in a petitioner who refused, failed or neglected to move with dispatch when his rights crystalized (Matter of Tilt v. Krone, 31 A D 2d 561). In Devens (supra) the Fourth Department interpreted the four-month limitation relating to mandamus to mean four months to make a demand and an additional four to institute a proceeding.
A review of various proceedings barred as untimely reveals none as lengthy as the instant one (see Matter of Williams v. Pyrke, 233 App. Div. 345 [two years — reinstatement]; Matter of MacMaster v. Harvey, 239 App. Div. 553, affd. 265 N. Y. 55 [three years — removal from office]; Matter of Leidman v. Reid, 277 App. Div. 34, revd. on other grounds 306 N. Y. 663 [three years — back pay increments]; Matter of Volada v. Binghamton Urban Renewal Agency, 36 A D 2d 985 [three and one-half years — loss of civil service rights]; Finkelstein Mem. Lib. v. Central School Dist. No. 2, 34 A D 2d 781, affd. 28 N Y 2d 705 [five years — retirement contribution]; Matter of Kraus v. Beame, 36 A D 2d 989 [six years — increased back salaries]; Matter of Hartmann v. Tremaine, 250 App. Div. 188 [12 years — prior service certificates]).
Nevertheless, the time barrier will not apply where the claim is a failure by the respondent to obey a continuing constitutional (Matter of Cash v. Bates, 301 N. Y. 258) or statutory (Toscano v. McGoldrick, 300 N. Y. 156) duty imposed upon public officials. That is not the circumstance here.
Petitioner, however, asserts respondents are estopped from now raising the time issue. Although earlier doctrine held that no loches, waiver or estoppel could be imputed to the State (Matter of Moss, 277 App. Div. 289) there does not appear to be serious doubt that a sovereign State may, under certain circumstances, like an individual, be estopped (Waterford Elec. Light, Heat & Power Co. v. State of New York, 208 App. Div. 273, affd. 239 N. Y. 629). Nevertheless, it cannot be estopped by the unauthorized acts of its agents (People v. Santa Clara Lbr. Co., 213 N. Y. 61).
*832 Equitable estoppel sufficient to bar the interposition of the defense of Statute of Limitations results from representations or conduct which have induced a party to postpone bringing suit on a known cause of action, or from fraudulent concealment of an action which is unknown to a party (1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 201.13). Nothing contained in the pleadings, the hearing record or the law memoranda submitted to this court indicates any such conduct or concealment by any agent of the State.
Did then the letters of May and June, 1971, recommending that a grievance procedure be commenced, or the fact that the time bar was not raised by the State until step four of that procedure, amount to either a waiver or estoppel of the defense of untimeliness by the State?
The mere expression of an erroneous opinion on a matter of law raises no estoppel (Shapley v. Abbott, 42 N. Y. 443; Chautauque County Bank v. White, 6 N. Y. 236; 28 Am. Jur. 2d, Estoppel & Waiver, § 47; 21 N. Y. Jur., Estoppel, § 28) and this is also true where a mistaken opinion is given by an agent of a governmental body which is engaged in administering or enforcing the law in question (New York City Employees’ Retirement System v. Eliot, 267 N. Y. 193). The strong public policy against payment by public bodies of claims barred by the Statute of Limitations constitutes the acknowledgment of such a debt to be an impermissible waiver of the statute (Diehl, Inc. v. City of Lackawanna, 233 App. Div. 348, affd. 258 N. Y. 579; 35 Park Ave. v. City of New York, 64 Misc 2d 418 [App. Term, 1st Dept.] for no officer has the power to waive it; Lord & Burnham Co. v. City of New York, 251 N. Y. 198). The State’s defense of timeliness may not be precluded by an erroneous opinion, conclusion or construction of law by its counsel or other representatives (see City of New York v. Coney Is. Fire Dept., 170 Misc. 787, affd. 259 App. Div. 286, affd. 285 N. Y. 535; City of New York v. Wilson & Co., 278 N. Y. 86; New York Tel. Co. v. Board of Educ. of City of Elmira, 270 N. Y. 111; 21 N. Y. Jur., Estoppel, § 29).
To overcome this authority, petitioner cites two cases in support of his theory of waiver and estoppel. In Matter of Lake Placid Club v. Abrams (6 A D 2d 469, affd. 6 N Y 2d 857), the Commission against Discrimination established its own rules of practice which provided that any application for reconsideration of its action should be filed within 15 days from the date of mailing of the commission’s disposition. No disposition was mailed to B’nai B’rith, an organization which had represented *833 a complainant, and even after inquiry, due to the absence' out of the country of the Commission Chairman, no copy was sent until after the 15 days had run out. Its application for reconsideration was thus filed 42 days late. The Third Department held that the commission should have waived its rules under the circumstances because administrative rules which do not affect substantial rights of individuals may be relaxed when justice requires it.
In Matter of Molinari v. Quayle (300 N. Y. 55), also cited by petitioner, the issue was the New York City Fire Department rule requiring medical examination for appointees. Molinari, was appointed to the department but could not take the examination because he was in the military service. He never returned from the war, and payment of the death benefit was refused. The Court of Appeals directed payment, basing its holding on the interpretation of the pertinent statutes and the special facts of the case.
Lake Placid and Molinari deal with administrative rules and not with a Statute of Limitations or the equitable doctrine of loches. Neither case is in point, except to the extent that they constitute authority for the respondents to accept the filing of a grievance proceeding afer the expiration of the 45-day period established by administrative rule.
Although it is apparent that petitioner suffered an injustice 16 years ago, the petition is dismissed on the ground that it is barred by both the Statute of Limitations and the equitable doctrine of loches. Parenthetically, it appears that in the absence of statutory or other authority it is improper for the State to award a cash payment in lieu of vacation or overtime credits to an employee no longer in service (see Seif v. City of Long Beach, 286 N. Y. 382; Crane v. City of New York, 185 Misc. 456, affd. 296 N. Y. 717; Matter of Goldstein v. Berry, 232 App. Div. 583).