BARBARA L. DUPUIS et al., Respondents, v DONALD VAN NATTEN et al., Appellants.

Third Department, February 23, 1978

294

APPEARANCES OF COUNSEL

*Maynard, O'Connor & Smith (Michael E. Catalinotto* of counsel), for appellants.

*Milham, Maney, Maxwell & Elliott, P. C. (Tabner, Carlson, Daffner & Farrell, Edward M. Scher* of counsel), for respondents.

OPINION OF THE COURT

GREENBLOTT, J. P.

This action arises out of an automobile accident which occurred on February 5, 1970. The action was not commenced until April 18, 1973, more than three years later. The complaint contains several negligence causes of action against the defendant Donald Van Natten and additional causes of action

against the defendant Van Natten's insurer and its employees. These latter causes of action allege fraudulent misrepresentations by the insurer and its agents, deceiving plaintiffs through repeated promises of settlement, indicating to plaintiffs that they could settle at any time and that they would be fully compensated for their injuries without commencing an action within the period of limitation.

■ Plaintiffs' purpose in adding the causes of action for fraudulent misrepresentations is, of course, to avoid the three-year negligence Statute of Limitations (CPLR 214). Where failure to commence an action before the expiration of the negligence Statute of Limitations is due to fraud practiced upon the plaintiff, a cause of action will lie for the loss sustained in consequence thereof (35 NY Jur, Limitations and Laches, § 12; cf. *Brick v Cohn-Hall-Marx Co.,* 276 NY 259).

■ Defendants contend that there are no triable issues of fact raised by the misrepresentation causes of action. After examining the pretrial depositions of the plaintiffs, we agree with the conclusion reached by Special Term that there are bona fide issues of fact concerning the alleged misrepresentations which resulted in plaintiffs' failure to institute a timely action. We therefore affirm the denial of the defendants' motion. Although Special Term in its decision states that "[i]t is not disputed by defendants that the insurer and its employees were agents for the insured defendant", this is contested by the defendant insured in his brief. We conclude that the insurer and its agents were in fact agents of the defendant insured, and were at the least clothed with apparent authority to make settlement promises *(Hover v Claverack Grange No. 934,* 46 Misc 2d 113). Under the circumstances, the motion was properly denied. Questions of fact are present which must be resolved by the trier of the facts. Thus in addition to the usual negligence questions, the trier of the facts will be called upon to consider the cause of action in fraud and misrepresentation.

■ Furthermore, since the defendants raise the affirmative defense of the Statute of Limitations in their answer, the doctrine of equitable estoppel must also be considered by the trier of the facts. If the representations or conduct of the defendants misled the plaintiffs, even innocently, this is enough. "Under these circumstances, the doctrine of equitable estoppel will be applied to prevent defendant from gaining an unconscionable advantage if he were permitted to plead the

statute; and it is immaterial that defendant intended no wrong. (See 21 N.Y. Jur., Estoppel, § 24; C.J.S., Estoppel, § 69, and cases cited; Ann. 130 A.L.R. 49, *supra;* 24 ALR 2d 1435, and cases cited.)" *(Robinson v City of New York,* 24 AD2d 260, 263.)

The order should be affirmed, with costs.

MAHONEY, J. (dissenting). In the proper case a defendant guilty of wrongdoing may be denied the right to raise the Statute of Limitations *(General Stencils v Chiappa,* 18 NY2d 125. See, generally, 1 Weinstein-Korn-Miller, NY Civ Prac, par 201.13; Practice Commentary by Joseph M. McLaughlin, McKinney's Cons Laws of NY, Book 7B, CPLR 201, pp 59-62. Cf. General Obligations Law, § 17-103, subd 4, par b). Whether the principle under which a court may strike the limitation defense be called equitable estoppel or fraudulent concealment, it is well established that a *misrepresentation* by the defendant reasonably relied upon by a plaintiff in not bringing his action until the statute had run is sufficient ground to strip away the time limitation defense. (See, e.g., *Star Ring Mfg. Co. v Fireman's Fund Amer. Ins. Cos.,* 49 AD2d 1007; *De Vito v New York Cent. System,* 22 AD2d 600; *Erbe v Lincoln Rochester Trust Co.,* 13 AD2d 211; *Croop v Odette,* 29 Misc 2d 606, affd 14 AD2d 724.) Similarly, if the defendant intentionally conceals the fact that plaintiff has a cause of action, the Statute of Limitations may not be raised (e.g., *General Stencils v Chiappa, supra* [bookkeeper concealed her embezzlements]).

Accepting the truth of plaintiffs' allegations, there is no basis for concluding that defendants were guilty of any misrepresentation or concealment as those terms are used in the cases. According to plaintiffs, the agent of the defendant insurance company investigated the extent of plaintiffs' damages. Records of expenditures were examined (April, 1970), plaintiffs' automobile inspected (March, 1970), and plaintiff Barbara Dupuis submitted to a medical examination by the insurer's doctor (Oct., 1970). At a meeting in the insurer's office in May of 1971, the agent asked if plaintiffs wished to settle their claim. They declined because Mrs. Dupuis' back still caused her pain and she was unsure what her total damages would be. In March, 1972 the agent phoned Mrs. Dupuis and asked if she wished to settle the claim, but she again declined. In June of 1972 she phoned him to request payment of her automobile repair bills, but the agent wished

to settle the personal injury and property damage claims together.

There were no contacts between plaintiffs and any of the defendants from June, 1972 until after the running of the statute in February, 1973. Mrs. Dupuis admits there were no statements by any of the defendants concerning the existence *vel non* of a time limitation or the advisability of retaining legal counsel.

Since defendants made no misrepresentations nor concealed from plaintiffs the existence of their cause of action, defendants' motion for summary judgment should be granted unless an estoppel may be imposed for failure by the defendants to disclose to the plaintiffs the three-year limitation or unless the mere engagement in settlement negotiations is the sort of misleading activity which may invoke an estoppel.

Absent some pre-exisiting fiduciary relationship (see *Erbe v Lincoln Rochester Trust Co.,* 13 AD2d 211, *supra)* there is no precedent in this State for imposing an obligation upon a prospective negligence action defendant to inform the prospective plaintiff of pertinent time limitations or other legal impediments to the cause of action. The insurance agent herein was plaintiffs' adversary, and it would place him in absurd conflict to require him to give such adversary legal advice (see *Triple Cities Constr. Co. v Maryland Cas. Co.,* 4 NY2d 443, 449).

Although there are some instances in which actions such as a settlement offer or a request by a prospective defendant to physically examine the plaintiff have been held to estop the defendant from raising the statute (see, e.g., *Triple Cities Constr. Co. v Maryland Cas. Co.,* 4 NY2d 443; *Robinson v City of New York,* 24 AD2d 260; *Matter of Daley v Greece Cent. School Dist.,* 21 AD2d 976, affd 17 NY2d 530), those instances generally involve relatively short statutes of limitation (such as the 1-year and 90-day period applicable to actions against municipalities), and they *all* involve situations wherein the settlement offer or other lulling action occurred a very short time before the running of the limitation period.

For example, in *Robinson v City of New York (supra)* claimant's store was flooded on January 1, 1963 and he filed the notice of claim with the city within the prescribed 90 days (General Municipal Law, § 50-e). The city demanded, as was its right (see General Municipal Law, § 50-h), to examine the claimant, and noticed the examination for June 11, 1963. By

stipulation of the parties, the examination was postponed several times until December 11, 1963, on which date one of the claimants was examined in part, the examination being adjourned *sine die.* On May 11, 1964 (a month and 10 days after the running of the statute) the city informed the claimant that the examination need not be completed because any action would be time-barred.

The stipulation postponing the examination was at the insistence of the city and included a promise by the claimant not to bring suit pending completion of the examination. Although the court held that this stipulation did not toll the running of the statute, it concluded that principles of equity precluded the city from raising the statute.

The case at bar is distinguishable from *Robinson v City of New York (supra)* on numerous grounds, but it is sufficient to note that here some nine months for instituting timely suit elapsed from the last contact between plaintiffs and defendants (the June, 1972 phone call in which plaintiffs refused to make a settlement demand) and that there was never any promise (much less agreement) by plaintiffs to refrain from suit.

In order for an estoppel to be imposed, the plaintiff's reliance must be reasonable, and in the circumstances present in this case it was unreasonable as a matter of law for plaintiffs to delay commencement of suit nine months from the date of last contact with the defendants. In cases where settlement negotiations or investigations by an insurance carrier ceased a much shorter time than nine months before the running of the statute, the courts have uniformly refused (absent misrepresentation, fraud, or an agreement to withhold suit) to estop the defendant from raising the limitations defense *(Fotochrome, Inc. v American Ins. Co.,* 26 AD2d 634, affd 23 NY2d 889 [2 weeks]; *Rosenthal v Reliance Ins. Co.,* 25 AD2d 860, affd 19 NY2d 712 [3 weeks]; *Skylark Enterprises v American Cent. Ins. Co.,* 13 AD2d 707 [6 months]; *Palazzola v Pennsylvania Fire Ins. Co.,* 273 App Div 856 [insurer rejected claim one and one-half months before bar]).

The order should be reversed and judgment entered for defendants dismissing the complaint.

SWEENEY, KANE and MAIN, JJ., concur with GREENBLOTT, J. P.; MAHONEY, J., dissents and votes to reverse in an opinion.

Order affirmed, with costs.