Dolores Jordan, Appellant, v Ford Motor Company, Respondent.

Fourth Department, March 28, 1980

APPEARANCES OF COUNSEL

*Grossman, Levine & Civiletto (Stanley Grossman* of counsel), for appellant.

*Damon, Morey, Sawyer & Moot (George M. Gibson* of counsel), for respondent.

## OPINION OF THE COURT

MOULE, J.

On June 6, 1968 a 1963 Mercury Comet, in which plaintiff was a passenger, was hit in the rear by another car and immediately burst into flames. Plaintiff sustained severe burns and other serious injuries as a result of the accident.

More than 10 years later, in September, 1978, plaintiff commenced this suit against the Ford Motor Company, setting forth causes of action in negligence, strict products liability and breach of warranty. Plaintiff alleged in her complaint that the design and manufacture of the Comet's fuel tank resulted in the tank being unduly susceptible to rupture and explosion in the event of a rear end collision, which resulted in injury to plaintiff.

Ford moved pursuant to CPLR 3211 (subd [a], par 5) to dismiss all causes of action on the ground that they were barred by the Statute of Limitations. In opposition, plaintiff asserted that Ford had knowledge of the potential danger arising from the fuel tank's design and manufacture and intentionally withheld that information from the general public. Plaintiff contended that, by virtue of this deception, the doctrine of equitable estoppel should be invoked to deny Ford the protection of the Statute of Limitations. Special Term rejected plaintiff's argument and granted Ford's motion to dismiss. Plaintiff appeals from that order.

The Statutes of Limitations have run on the causes of action alleged in the complaint. The negligence and products liability actions have a three-year Statute of Limitations, running from the date of injury (CPLR 214, subd 5; *Victorson v Bock Laundry Mach. Co.,* 37 NY2d 395). The breach of warranty action has a four-year Statute of Limitations, running from the date of sale (Uniform Commercial Code, § 2-725). The sole issue before us is whether the court properly refused to invoke estoppel to preclude Ford's assertion of the Statute of Limitations defense.

It is well established that where a defendant induces a

plaintiff to refrain from instituting an action, either by false statements of fact or by active concealment of the true facts, he may be estopped from using the Statute of Limitations to dismiss an otherwise untimely suit against him *(General Stencils v Chiappa,* 18 NY2d 125; *Erbe v Lincoln Rochester Trust Co.,* 13 AD2d 211, mot for rearg and mot for lv to app den 14 AD2d 509, app dsmd 11 NY2d 754). Where the estoppel is based upon an actual misrepresentation by defendant, the plaintiff is required to allege that justified reliance upon the misrepresentation was the reason for not timely starting the action *(Simcuski v Saeli,* 44 NY2d 442). Similarly, where concealment without actual misrepresentation is claimed to have prevented a plaintiff from commencing an action within the Statute of Limitations, the courts have invoked estoppel only where there was a fiduciary relationship which gave defendant an obligation to inform plaintiff of facts underlying the claim (see *General Stencils v Chiappa, supra;* 1 Weinstein-Korn-Miller, NY Civ Prac, par 201.13).

Where the injured party is simply unaware that a cause of action is available to him, either due to lack of diligence on his own part or because of the difficulty of discovering the injury, the courts have not applied the doctrine of equitable estoppel (see *Schwartz v Heyden Newport Chem. Corp.,* 12 NY2d 212; *Schmidt v Merchants Desp. Transp. Co.,* 270 NY 287). A party against whom a claim exists is not, without more, under a duty to inform the injured party thereof, and such failure to inform does not constitute the kind of fraudulent concealment which gives rise to an estoppel *(De Vito v New York Cent. System,* 22 AD2d 600).

Plaintiff does not allege having relied upon any actual misrepresentation by Ford. Nor does she allege that she and Ford stood in a relationship that would give rise to a justifiable expectation that defendant would come forward with facts known to it which might be used as the basis for a claim.

Plaintiff would have us apply the rule followed by the court in *Baker v Beech Aircraft Corp.* (39 Cal App 3d 312). In that case the plaintiff was unable to obtain information concerning the facts surrounding the cause of the accident. Those facts were particularly difficult to ascertain in that they involved an alleged airplane fuel system malfunction which only occurred under certain flight conditions. Since the defendant aircraft manufacturer had unique access to knowledge about this

obscure defect, the court held that defendant was estopped from using the Statute of Limitations to bar plaintiff's action.

Here, however, no such arcane defect was alleged. There was nothing to prevent plaintiff from investigating within the applicable limitations period the role which the vehicle's fuel tank may have played in increasing the seriousness of the accident. In asking us to invoke estoppel under these circumstances, plaintiff would have us go further than the court went in the *Baker* case *(supra)* and further than the courts of this State have ever gone. We see no basis for doing so in this case.

Accordingly, the order appealed from should be affirmed.

CARDAMONE, J. P., SIMONS, CALLAHAN and DOERR, JJ., concur.

Order unanimously affirmed, without costs.