■ ATKINS & DURBROW, LTD., Respondent, v HOME INDEMNITY COMPANY, Appellant. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered July 7, 1980 in Broome County, upon a verdict rendered at Trial Term (Lee, Jr., J.). Plaintiff sued defendant as surety under a labor and material bond issued by defendant, pursuant to section 137 of the State Finance Law, which guaranteed prompt payment of moneys due persons furnishing labor or materials to Central Development Company (hereinafter Central). Central entered into a public improvement contract with the New York State Department of Transportation to supply peat moss for landscaping along Interstate Route 505. The final delivery of the peat moss was made on October 11, 1974. Payment was thereafter demanded by plaintiff from Central which failed to pay. Plaintiff sued defendant under the surety bond on October 24, 1977. In its complaint, plaintiff alleged that defendant had misled plaintiff by lulling plaintiff into inactivity and had induced plaintiff to continue settlement negotiations until after the expiration of the time allowed by law to commence the action under the surety bond. Defendant pleaded as a defense that the applicable Statute of Limitations had run. The jury returned a verdict for plaintiff, awarding it a judgment in the amount of $4,542.96. Defendant seeks reversal of the judgment on the grounds that (1) the facts adduced at trial were insufficient as a matter of law to constitute inducement of plaintiff's counsel to forebear bringing an action within the statutory time limit, and (2) the trial court erred in refusing to instruct the jury that plaintiff must have been "reasonably" misled by defendant in order to estop defendant from pleading the Statute of Limitations. Plaintiff has the burden of proving its cause of action, that is, that plaintiff was induced by defendant not to bring its lawsuit in a timely manner. Plaintiff must also establish reliance on the representations of defendant and justification for such reliance. The evidence adduced at trial indicates that plaintiff first commenced pursuit of payment due under the bond on March 10, 1975. Thereafter, a series of letters and phone calls from plaintiff's counsel to defendant followed in which plaintiff sought to ascertain if defendant would pay plaintiff's claim without the necessity of plaintiff's pursuing legal action. The evidence indicates that defendant never represented that it would pay the claim nor did it advise plaintiff not to commence suit. Rather, defendant failed to give plaintiff any satisfaction on its demand to be informed if it needed to sue. It is not contested that from April 7, 1976, plaintiff and defendant had no further communications with one another. A lawsuit was not commenced by plaintiff until October 24, 1977, some 18 months later. Under such circumstances, we conclude that plaintiff failed, as a matter of law, to sustain its burden of proving that the action was

brought within a reasonable time after the conduct relied on, which allegedly gave rise to the estoppel, had ceased to be operational (see *Simcuski v Saeli,* 44 NY2d 442, 450). In the instant case, plaintiff, despite the cessation of settlement negotiations, failed to sue for 18 months. The legislatively prescribed period of limitations (here one year) is the outside limit within which plaintiff must pursue its remedy if it is to be found to have pursued it diligently. Since the outside limit was exceeded in the instant case, plaintiff cannot prevail. It was, therefore, error for the court to permit the jury to consider this issue. Having so concluded, it is unnecessary to address the errors ascribed to the jury instructions. Judgment reversed, on the law, and complaint dismissed, with costs. Mahoney, P.J., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.