Anita KNAYSI and Ed Knaysi, Plaintiffs-Appellants,

v.

A. H. ROBINS COMPANY, et al., Defendants-Appellees.

No. 81–5010.

United States Court of Appeals, Eleventh Circuit.

July 9, 1982.

Rehearing and Rehearing En Banc Denied Sept. 3, 1982.

---

Rodney D. McGalliard, Gainesville, Fla., for plaintiffs-appellants.

William M. Howell, Jacksonville, Fla., for defendants-appellees.

Before TJOFLAT, HILL and ANDERSON, Circuit Judges.

JAMES C. HILL, Circuit Judge:

Appellants Anita and Ed Knaysi filed suit against appellee A. H. Robins, Inc. (Robins) and its insurer seeking recovery of damages resulting from injuries to Anita Knaysi allegedly caused by her use of the Dalkon Shield intrauterine device manufactured and distributed by Robins. Mrs. Knaysi became pregnant after insertion of the Dalkon Shield and in the first trimester suffered a spontaneous septic abortion of twin fetuses. The Knaysis' complaint sought recovery on the theories of negligence, breach of warranty, breach of implied contract, strict liability, fraud, conspiracy, and outrageous conduct. Basically the appellants sought to prove that Robins was aware from test results that the effectiveness of the device in preventing pregnancy was lower than it advertised and from both test results and the reports of physicians that spontaneous septic abortions often occurred in connection with its use. They alleged that, despite this adverse information, Robins concealed these reports and continued to issue false advertising to the medical community and the public about the superior efficacy and safety of its contraceptive.

The district court resolved the case in Robins' favor on Robins' motion for summary judgment. In granting that motion the

district court addressed two issues:[1] whether the fraud claim was a cause of action separate from the products liability claim for statute of limitations purposes and whether Robins was equitably estopped by its conduct from raising the bar of the statute of limitations. The controlling law on these issues is that of the state of New York. Record, vol. 22, at 291. The court ruled that the fraud claim should not be treated separately from the products liability claim and was therefore barred by expiration of the three-year limitation applicable to products liability actions[2] and that the doctrine of equitable estoppel was inapplicable. We reverse the summary judgment in Robins' favor because, appellants having adequately pleaded facts which if proved at trial could constitute equitable estoppel under New York law, there are genuine issues of material fact with respect to the application of that doctrine.

■ Under New York law equitable estoppel may arise in either of two ways. "Equitable estoppel sufficient to bar the interposition of the statute of limitations results from representations or conduct which have induced a party to postpone bringing suit on a known cause of action, *or from fraudulent concealment of an action which is unknown to a party.*" *Parsons v. Department of Transportation,* 74 Misc.2d 828, 344 N.Y.S.2d 19, 24 (Sup.Ct.1973) (emphasis added).[3] Appellants contend that Robins has engaged in conduct of the latter

1. The district court found it unnecessary to reach other claims raised by the Knaysis because of their concession at hearing on the motion that all of their claims, with the exception of the fraud count, were barred by the applicable statute of limitations. Record, vol. 2, at 291. The Knaysis contest the district court's conclusion that they made such a concession. Because of the manner in which we dispose of the appeal, we need not address this contention.

2. N.Y.C.P.L.R. § 214(5) (McKinney Cum.Supp. 1981–1982 (prescribing a three year limitation for personal injury actions generally). Mrs. Knaysi's gynecologist inserted the Dalkon Shield on March 15, 1972. On June 26, 1972 Mrs. Knaysi experienced the spontaneous septic abortion. On December 8, 1976 the Knaysis read a newspaper article about reported cases of infected abortions and deaths of pregnant women in connection with the use of the Dalkon Shield. This led them to inquire of Mrs. Knaysi's gynecologist the type of intrauterine device he had inserted. On February 17, 1977 the appellants learned that the doctor had inserted a Dalkon Shield. On June 26, 1978 this suit was filed.

3. *Accord, Renz v. Beeman,* 589 F.2d 735 (2d Cir. 1978), *cert. denied,* 444 U.S. 834, 100 S.Ct. 65, 62 L.Ed.2d 43 (1979). *Renz* involved a diversity action by the beneficiaries of a trust for imposition of a constructive trust on shares of stock purchased by the trustee in an act of alleged self-dealing. In addressing whether the trustee could "be estopped from pleading the statute of limitations because of his conduct after the breach [of fiduciary duty] occurred," the Second Circuit canvassed New York law on equitable estoppel and, like the New York Supreme Court in *Parsons,* determined that two types of circumstances could give rise to equitable estoppel. *Id.* at 750. First, estoppel may occur "when the defendant's affirmative misconduct, after his initial [wrong giving rise to the cause of action], 'produced the long delay between the accrual of the cause of action and the institution of the legal proceeding.'" *Id.* (quoting *General Stencils, Inc. v. Chiappa,* 18 N.Y.2d 125, 128, 219 N.E.2d 169, 171, 272 N.Y. S.2d 337, 340 (1966)). As illustrations of this kind of estoppel, the court cited cases in which a plaintiff about to bring suit was lulled into security by promises the defendant did not intend to fulfill or by defendant's false representations of the time for filing suit. *Id.* (citing *Robinson v. City of New York,* 24 A.D.2d 260, 265 N.Y.S.2d 566 (1965); *Glus v. Brooklyn Eastern District Terminal,* 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959)). The second type of equitable estoppel occurs "when affirmative fraudulent statements are made which conceal from the plaintiffs facts essential to make out the cause of action." *Id.* (citing *Simcuski v. Saeli,* 44 N.Y.2d 442, 448–49, 377 N.E.2d 713, 406 N.Y.S.2d 259 (1978); *General Stencils, Inc. v. Chiappa,* 18 N.Y.2d 125, 219 N.E.2d 169, 272 N.Y.S.2d 337 (1966) (cover-up of criminal acts); *Erbe v. Lincoln Rochester Trust Co.,* 13 A.D.2d 211, 214 N.Y.S.2d 849 (1961), *appeal dismissed,* 11 N.Y.2d 754, 181 N.E.2d 629, 226 N.Y.S.2d 692 (1962) (false statement by fiduciary that it had legal right to purchase part of trust res); *Dodds v. McColgan,* 229 A.D. 273, 241 N.Y.S. 584 (1930) (elaborate hoax involving false disavowal of property ownership, misrepresentation of status as executrix of defunct estate, and execution of sham settlement)).

type. Our review of the New York cases in which equitable estoppel of this kind was determined to apply persuades us that the Knaysis' allegations come within their rationale.

*Simcuski v. Saeli*, 44 N.Y.2d 442, 377 N.E.2d 713, 406 N.Y.S.2d 259 (1978), was an action by a patient alleging that her physician negligently severed a nerve during surgery and fraudulently concealed this condition. In concluding that the doctrine of equitable estoppel applied to her case, the New York Court of Appeals reasoned: "This complaint . . . alleges that defendant intentionally concealed the alleged malpractice from plaintiff and falsely assured her of effective treatment, as a result of which plaintiff did not discover the injury to the nerve until [four years after the surgery]." *Id.* at 448, 377 N.E.2d at 716, 406 N.Y.S.2d at 262. In *General Stencils, Inc. v. Chiappa*, 18 N.Y.2d 125, 219 N.E.2d 169, 170, 272 N.Y.S.2d 337, 339 (1966), the New York Court of Appeals held that a plaintiff corporation suing its head bookkeeper for conversion of company funds was entitled to litigate the issue of equitable estoppel because the defendant's wrongdoing—*i.e.*, the theft and manipulation of the books—had fraudulently concealed the wrongdoing from the plaintiff's notice. Finally in *Erbe v. Lincoln Rochester Trust Co.*, 13 A.D.2d 211, 214 N.Y.S.2d 849 (1961), *appeal dismissed*, 11 N.Y.2d 754, 181 N.E.2d 629, 226 N.Y.S.2d 692 (1962), the Appellate Division of the New York Supreme Court held that the trial court had erred in dismissing the trust beneficiaries' complaint for breach of fiduciary duty on the ground of the bar of the statute of limitations. The court reasoned: "In this action . . . it should not be held that a trustee can take advantage of the limitations statute when the beneficiaries of the trust may have been led to believe that there was no breach of the relationship by statements of false facts or concealment of true facts by the fiduciary." *Id.* at 213, 214 N.Y.S.2d at 852. Specifically, the beneficiaries alleged that the trustee, whom they charged with self-dealing in purchasing trust property, had falsely represented to them: "(1) that the trustee had a legal right to purchase the stock, (2) that [a court order] had authorized the trustee to acquire the stock and (3) that the stock was held by the trustee as collateral pledged by the settlor in his lifetime." *Id.* at 213, 214 N.Y.S.2d at 851.

Two unifying factors appear in these cases. In each case the defendant has control and superior, or exclusive, knowledge of facts necessary for the plaintiff to make out a cause of action. Second, the defendant by affirmative misstatements conceals these essential facts from the plaintiff. In *Simcuski* the patient relied on her physician for proper diagnosis and treatment of the ailment that plagued her after surgery. His false assurances regarding curative treatment precluded the plaintiff's earlier discovery that the physician's malpractice was the cause of her injury and consequently produced the delay in filing suit. In *General Stencils* the plaintiff company had entrusted its bookkeeper with the proper handling of and accounting for company funds. The bookkeeper's manipulation of the books concealed the fact of her conversion. Likewise in *Erbe* the beneficiaries relied on the trustee to honor his duty of loyalty in managing trust property, and the trustee concealed his self-dealing by false statements about the manner in which he acquired or held the trust property and about his legal right to acquire the stock.

▮ The facts of the present case offer no ground for distinction. The medical community and the consuming public, either directly or in justifiable reliance upon medical advice, rely on drug manufacturers for accurate information and assurances regarding the safety and efficacy of their products. The allegation is that Mrs. Knaysi and her gynecologist so relied in this case. Moreover, Robins is alleged to have published information about the Dalkon Shield which it knew to be false and to have suppressed damaging information about the device's danger. These facts were essential

to make out the cause of action for products liability, breach of warranty, and other claims put forward by the Knaysis. Hence we conclude that the appellants' allegations, when measured against the standards for equitable estoppel under New York law, are sufficient to invoke the application of that doctrine.

■ Having determined that the facts alleged could, if proved, estop Robins from pleading the bar of the statute of limitations, we further conclude that the issue of equitable estoppel was one inappropriate for summary judgment as there exist genuine issues of material fact to be resolved at trial. First, there are obvious questions of fact regarding the alleged misrepresentations made by Robins. In *Dupuis v. Van Natten*, 61 A.D.2d 293, 402 N.Y.S.2d 242 (1978), the Appellate Division, affirming the trial court's holding that triable issues of fact precluded entry of summary judgment for defendant, noted the "bona fide issues of fact concerning the alleged misrepresentations which resulted in plaintiffs' failure to institute a timely action." *Id.* at 295, 402 N.Y.S.2d at 243.

In addition, the highest state court in New York recently has endorsed the notion that the plaintiff's due diligence in bringing suit must "be demonstrated by the plaintiff when he seeks the shelter of the doctrine [of equitable estoppel]." *Simcuski v. Saeli*, 44 N.Y.S.2d at 450, 377 N.E.2d at 717, 406 N.Y.S.2d at 263. The Court of Appeals went on to state:

> Whether in any particular instance the plaintiff will have discharged his responsibility of due diligence in this regard must necessarily depend on all the relevant circumstances.... *It is not* possible or *appropriate,* however, on the present motion [to dismiss] addressed to the pleading, ... to determine whether this plaintiff met her obligation of due diligence when she instituted the present action ....

*Id.* (emphasis added). Other cases in the New York courts echo the conclusion that the question of a plaintiff's due diligence is a question of fact unsuited for summary judgment. In *Renz v. Beeman*, a diversity action in which New York law governed, the Second Circuit opined "that the test for timely knowledge under the doctrine of equitable estoppel is similar to that set forth with regard to fraud in CPLR § 213(8)—'could with reasonable diligence have discovered it.'" 589 F.2d at 751–52. In *Erbe v. Lincoln Rochester Trust Co.*, 3 N.Y.2d 321, 144 N.E.2d 78, 165 N.Y.S.2d 107 (1957), a fraud action, the New York Court of Appeals elaborated on this reasonable diligence test and the inappropriateness of summary disposition:

> [T]he plaintiffs will be held to have discovered the fraud when it is established that they were possessed of knowledge of facts from which it could be reasonably inferred, that is, inferred from facts which indicate the alleged fraud. Ordinarily such an inquiry presents a mixed question of law and fact ... and, where it does not conclusively appear that the plaintiffs had knowledge of facts of that nature a complaint *should not be dismissed on motion.*

*Id.* at 326, 144 N.E.2d at 80–81, 165 N.Y.S.2d at 111 (citations omitted) (emphasis added). *See also Erbe v. Lincoln Rochester Trust Co.*, 13 A.D.2d 211, 214 N.Y.S.2d 849 (1961), *appeal dismissed*, 11 N.Y.2d 754, 181 N.E.2d 629, 226 N.Y.S.2d 692 (1962) (motion to dismiss should be denied and plaintiff permitted to litigate estoppel issue). In light of these cases we must conclude that the Knaysis' diligence in pursuing their claims against Robins is a triable issue of fact in this case.

For the foregoing reasons, we reverse the district court's grant of summary judgment for appellee Robins and remand for further proceedings. On remand the appellants are entitled to litigate not only the issue of estoppel but also all other counts raised by

their complaint since the Knaysis may prevail on the estoppel issue.[4]

REVERSED and REMANDED.

TJOFLAT, Circuit Judge, dissenting:

Each of the Knaysis' personal injury claims against A. H. Robins, Inc., was brought after the applicable statute of limitations had run.[1] The sole question posed by the majority, therefore, is whether Robins' statute of limitations defense is precluded by equitable estoppel.

Under New York law, an equitable estoppel reply to a statute of limitations defense is in the nature of an affirmative defense and it must be pleaded and proven by the plaintiff. *Simcuski v. Saeli,* 44 N.Y.2d 442, 406 N.Y.S.2d 259, 262, 377 N.E.2d 713 (1978); *see also* Fed.R.Civ.P. 8(c) and (d). In this case, the Knaysis pleaded equitable estoppel in the form of a reply to Robins' amended answer. Record, vol. I at 109.

The burden of proof the Knaysis assumed under their equitable estoppel reply is thoroughly set forth in *Jordan v. Ford Motor Co.,* 73 A.D.2d 422, 426 N.Y.S.2d 359 (1980):

> [W]here a defendant induces a plaintiff to refrain from instituting an action, either by false statements of fact or by active concealment of the true facts, he may be estopped from using the Statute of Limitations to dismiss an otherwise untimely suit against him. *General Stencils v. Chiappa,* 18 N.Y.2d 125, 272 N.Y.S.2d 337, 219 N.E.2d 169 (1966); *Erbe v. Lincoln Rochester Trust Co.,* 13 A.D.2d 211, 214 N.Y.S.2d 849 (1961), *appeal dismissed,* 11 N.Y.2d 754, 226 N.Y.S.2d 692, 181 N.E.2d 629 (1962). *Where the estoppel is based upon an actual misrepresentation by defendant, the plaintiff is required to allege that justified reliance upon the misrepresentation was the reason for not timely starting the action.* Simcuski v. Saeli, 44 N.Y.S.2d 442, 406 N.Y.S.2d 259, 377 N.E.2d 713 (1978). Similarly, *where concealment without actual misrepresentation is claimed to have prevented a plaintiff from commencing an action within the Statute of Limitations, the courts have invoked estoppel only where there was a fiduciary relationship* which gave defendant an obligation to inform plaintiff of facts underlying the claim. *See General Stencils v. Chiappa, supra;* 1 Weinstein-Korn-Miller, N.Y.Civ. Prac. par. 201.13.
>
> Where the injured party is simply unaware that a cause of action is available to him, either due to lack of diligence on his own part or because of the difficulty of discovering the injury, the courts have not applied the doctrine of equitable estoppel. *See Schwartz v. Heyden Newport Chem. Corp.,* 12 N.Y.2d 212, 237 N.Y.S.2d 714, 188 N.E.2d 142 (1963); *Schmidt v. Merchants Dispatch Transportation Co.,* 270 N.Y. 287, 200 N.E. 824, 104 A.L.R. 450 (1936). *A party against whom a claim exists is not, without more, under a duty to inform the injured party thereof,* and such failure to inform does not constitute the kind of fraudulent concealment which gives rise to an estoppel. *De Vito v. New York Cent. System,* 22 A.D.2d 600, 257 N.Y.S.2d 895 (1965).

73 A.D.2d at 424, 426 N.Y.S.2d at 360–61 (emphasis supplied). *See also Atkins & Durbrow, Ltd. v. Home Indemnity Co.,* 84 A.D.2d 637, 444 N.Y.S.2d 285, 286 (1981).

---

**4.** Because of our holding that summary judgment was inappropriate on the issue of estoppel, we need not reach other arguments advanced by the appellants—namely, that the fraud alleged in their complaint is a separate cause of action from the products liability claim for statute of limitations purposes and that summary judgment was inappropriate to resolve disputed issues of fact regarding application of New York's fraud statute of limitations to this case.

**1.** The majority agrees with this proposition except as it applies to the Knaysis' common law claim of fraud and deceit, which it does not address. See majority opinion at note 4. The district court held that the Knaysis' fraud claim was subsumed by their products liability claim and was time barred. I agree.

Under the New York law, then, the Knaysis' equitable estoppel reply must proceed on one of two theories. The first requires the Knaysis to prove that Robins made an *actual misrepresentation* to the Knaysis or to Mrs. Knaysi's physician (who I will assume, *arguendo*, was her agent) that Robins intended would induce the Knaysis to believe that Mrs. Knaysi's septic abortion could not have been caused by the Dalkon Shield; that they, or the physician acting for them, *justifiably relied* on that misrepresentation; and that their reliance on the misrepresentation was the reason the Knaysis did not file a timely suit against Robins. *Simcuski v. Saeli*, 44 N.Y.2d at 448, 406 N.Y.S.2d at 262, 377 N.E.2d at 716; *Atkins & Durbrow, Ltd. v. Home Indemnity Co.*, 84 A.D.2d at 637, 444 N.Y.S.2d at 286. Because this issue arose on Robins' motion for summary judgment, the question for us, as it was for the district court, is whether the record created a question of fact which, if resolved in the Knaysis' favor, would permit them to meet their burden of proof.

The Knaysis concede that Robins never directly or indirectly communicated with them, or vice versa. In Mrs. Knaysi's affidavit and deposition testimony, she insists that she did not know that her IUD was a Dalkon Shield and that she never heard or read anything regarding the Dalkon Shield prior to December 8, 1977, when she read a news report stating that Dalkon Shields *might be a cause* of septic abortions. Moreover, the record contains no evidence that Robins ever communicated in any way with Mrs. Knaysi's physician, or vice versa. The record does not include the testimony of the physician, by way of affidavit or deposition. The record does contain deposition testimony of a Robins representative, but that testimony does not shed any light on any representation that may have been delivered to or received by the physician. The sole evidence in the record of a Robins representation concerning the Dalkon Shield is examples of Robins' advertising literature, which the majority assumes were delivered to and read by Mrs. Knaysi's physician. This literature touts the Dalkon Shield as being "safe," but only in one instance, a brochure published in October 1972, does it contain what could be contended to be a misrepresentation intended to induce someone not to sue Robins over a septic abortion. That brochure, given to physicians for ultimate distribution to patients, stated that if pregnancy should occur with the Dalkon Shield in place, no harm would result if the Shield was not removed. This brochure contains no reference to septic abortion. Nonetheless, an individual who had a septic abortion and read the brochure might be convinced that the Dalkon Shield could not have caused the abortion and might therefore be lulled into not bringing suit against Robins.

I will assume, *arguendo*, that Mrs. Knaysi's physician received and read Robins' October 1972 brochure. There is absolutely nothing in the record, however, that even suggests that the physician believed what the brochure said or relied on it in any way. More importantly, nothing suggests that the brochure lulled the physician, and in turn the Knaysis, into a state of inaction viz-a-viz Robins. Without the critical link between the alleged misrepresentation and the Knaysis' failure to bring this suit within the limitations period, the Knaysis cannot prevail.

The second equitable estoppel theory available under New York law requires the Knaysis to establish that Robins owed them a fiduciary duty. If Robins did, it could be equitably estopped from raising the statute of limitations defense upon the Knaysis' demonstration that Robins, in violation of that duty, concealed the information they needed in order to bring a timely suit. *Jordan v. Ford Motor Co.*, 73 A.D.2d at 424, 426 N.Y.S.2d at 360–61, *citing General Stencils v. Chiappa*, 18 N.Y.2d 125, 272 N.Y.S.2d 337, 219 N.E.2d 169 (1966); 1 Weinstein-Korn-Miller, N.Y.Civ.Prac. par. 201.13.

Here, the Knaysis make no claim that Robins owed them or their physician a fiduciary duty. Consequently, they simply could not make out a prima facie case under the second theory of equitable estoppel.

*See Jordan v. Ford Motor Co.*, 73 A.D.2d at 424, 426 N.Y.S.2d at 361 (automobile manufacturer had no fiduciary duty to automobile owner and therefore could not be estopped from raising statute of limitations where it simply failed to reveal to the public that the placement of the fuel tank in certain of its automobiles increased the seriousness of accidents involving rear end collisions).

Since the Knaysis failed to raise a material issue of fact as to their equitable estoppel reply to Robins' statute of limitations defense, Robins was, and is, entitled to the summary judgment the district court gave it.

I dissent.