Peggy **PERRY**, Plaintiff,

v.

**A.H. ROBINS COMPANY, INCORPORATED, d/b/a A.H. Robins Company, Defendant.**

No. 81–CV–603.

United States District Court, N.D. New York.

April 5, 1983.

O'Connell & Aronowitz, Albany, N.Y., for plaintiff; Peter L. Danziger, Albany, N.Y., of counsel.

Carter, Conboy, Bardwell Case & Blackmore, Albany, N.Y., for defendant; Diane Bresee Mayberger, Albany, N.Y., of counsel.

## MEMORANDUM–DECISION AND ORDER

McCURN, District Judge.

This matter is before the Court on defendant's motion for summary judgment. After consideration of the papers filed in support of, and in opposition to, the motion, and having heard the oral argument of the parties, it is the opinion of this Court that there exist questions of fact. Accordingly, defendant's motion for summary judgment must be denied.

Plaintiff is a thirty-five year old woman who had a Dalkon Shield inserted in her by her physician sometime in July 1972. The shield was removed in 1973, after plaintiff contracted a pelvic inflammatory disease. She now alleges that the disease was caused by the Dalkon Shield, and that the disease has left her infertile. She is suing the manufacturer of the shield, A.H. Robins, based upon claims of negligence, strict products liability and punitive damages. Defendant makes this summary judgment motion, arguing that plaintiff's claims for negligence and strict products liability are time barred.

*Discussion*

■ Defendant first asserts that the applicable statute of limitations began to run upon the insertion of the device. That being the case, plaintiff's claims are time barred as the three year statute of limitations would have run in 1974, and this suit was not filed until June 10, 1981. See N.Y.Civ.Prac. § 214(5). However, this Court has held in a companion Memorandum-Decision and Order issued concurrent hereto that absent proof that the plaintiff suffered injury upon insertion of the IUD, the Court would date the injury as of the onset of the infection. *Kristeller v. A.H. Robins,* 560 F.Supp. 831 (N.D.N.Y.1983). There is no proof in this record that the plaintiff was injured prior to the date she contracted the pelvic inflam-

matory disease, sometime in 1973. Defendant asserts that this suit is still untimely, however, because plaintiff did not file suit until 1981, some eight years after her infection. Plaintiff contends, however, that the defendant should be equitably estopped from asserting the statute of limitations defense in this case based on its actual misrepresentations to plaintiff.

This precise question was recently addressed by the Eleventh Circuit in the case of *Knaysi v. A.H. Robins,* 679 F.2d 1366 (11th Cir.1982). There the court reversed the district court's grant of summary judgment in favor of the defendant, finding that there existed questions of fact as to whether the plaintiff was entitled to invoke the doctrine of equitable estoppel. The Court noted:

> Under New York law equitable estoppel may arise in either of two ways. 'Equitable estoppel sufficient to bar the interposition of the statute of limitations results from representations or conduct which have induced a party to postpone bringing suit on a known cause of action, *or* from the fraudulent concealment of an action which is unknown to a party.'

679 F.2d at 1368 (emphasis in original) (citation omitted). In both *Knaysi* and the instant case, the plaintiffs alleged a fraudulent concealment by the defendant.

The Second Circuit has stated that, under New York law, a plaintiff may assert the defense of equitable estoppel based on fraudulent concealment where "affirmative fraudulent statements are made which conceal from the plaintiff facts essential to make out a cause of action". *Renz v. Beeman,* 589 F.2d 735 (2d Cir.1978). Here, the plaintiff alleges that defendant A.H. Robins made fraudulent statements to her, and that she justifiably relied upon them. If plaintiff can prove each of these allegations, that defendant made fraudulent representations and that she justifiably relied upon them, then the defendant will be estopped from asserting the defense of the statute of limitations, assuming plaintiff can demonstrate due diligence in filing suit. *See Jordan v. Ford Motor Company,* 73

A.D.2d 422, 426 N.Y.S.2d 359 (4th Dep't 1980). These are questions of facts which plaintiff has sufficiently called into question. See Complaint ¶¶ 12–15; Pl.Affid. dated June 1982. Summary judgment is, therefore, improper.

Lastly, defendant contends that the plaintiff is not entitled to invoke the doctrine of equitable estoppel because the plaintiff and defendant do not stand in a fiduciary relationship. *See Rivera v. R.H. Robins,* (Sup.Ct., New York Co., June 3, 1982). However, when a plaintiff invokes the doctrine of equitable estoppel, asserting that the defendant made fraudulent misrepresentations to the plaintiff, as opposed to an assertion that the defendant fraudulently concealed facts from the plaintiff, there is no requirement that the parties stand in a fiduciary relationship. *See Jordan,* 426 N.Y.S.2d at 360.

Accordingly, defendant's motion for summary judgment is denied.

IT IS SO ORDERED.